### JAMES H. FULLER v. TERRITORY.

No. 2161, Okla. T.   Opinion Filed February 23, 1909.

(99 Pac. 1098.)

1.    **FALSE PRETENSES— Indictment — Sufficiency.** For sufficient indictment for obtaining money under false pretenses, see opinion.

2.    **VENUE—Evidence.** Venue need not be proven beyond a reasonable doubt, and may be proven by circumstantial evidence.

3.    **APPEAL—Review—Questions of Fact.** When there is testimony in the record sustaining the verdict of the jury, this court will not reverse a conviction, although there is also evidence in the record which if believed by the jury would have required an acquittal.

(Syllabus by the Court.)

*Appeal from District Court, Logan County; John H. Burford, Judge.*

James H. Fuller was convicted of obtaining money by false pretenses, and he appeals. Affirmed.

On the 5th day of November, 1906, James H. Fuller (hereinafter called defendant) was indicted in the district court of Logan county for the offense of obtaining money under false pretenses. Being found guilty by the jury, and sentenced by the court to imprisonment in the penitentiary for the period of one year, the defendant prosecuted this appeal.

*T. S. Jones* and *F. M. Cowgill*, for plaintiff in error.—

On sufficiency of indictment: *Holt v. Territory*, 4 Okla. 76; *Com. v. Boynton*, 12 Cush. 499; *State v. Daniels*, 58 N. W. 891; *Com. v. Dean*, 110 Mass. 64; *People v. Enoch*, 13 Wend. 159; *Moline v. State*, 93 N. W. 228; *People v. Brown*, 38 N. W. 916; *Campbell v. State*, 154 Ind. 309; *State. v. Philbrick*, 31 Me. 401; *State v. Miller*, 153 Ind. 229; *May v. State*, 13 S. W. 787; *State v. Lathrop*, 15 Vt. 279; *Moulie v. State*, 20 So. 554; *State v. Blizzard*, 17 Atl. 270.

*W. O. Cromwell*, Atty. Gen., and *Thos. R. Clift*, for the Territory.—

On sufficiency of indictment: *Perkins v. Territory*, 10 Okla. 506; *State v. Knowlton*, (Wash.) 39 Pac. 966; *People. v. Skidmore*, 123 Cal. 267; *Britt v. State*, 9 Humph. (Tenn.) 42; 2 Wharton's Crim. Law, §§ 2139-2160.

FURMAN, PRESIDING JUDGE. (after stating the facts as above). First. The defendant assails the sufficiency of the indictment, the charging part of which is as follows:

" * * * That one James H. Fuller on the 18th of September, in the year of our Lord, one thousand nine hundred and five, in the said county of Logan, territory of Oklahoma, and then and there being, did then and there unlawfully, designedly, fraudulently and feloniously obtain from one F. L. Williams the sum of three hundred dollars ($300), in good and lawful money of the United States, by then and there falsely, designedly, fraudulently and feloniously representing to him the said F. L. Williams that he the said John H. Fuller was then and there the owner of one team of black mules, six (6) years old; one team of mares, seven and eight years old; ten cows and six two-year old steers, on which said above set out mules. mares, cows, and steers, he the said James H. Fuller then and there gave to the said F. L. Williams a chattel mortgage to secure the payment of the said three hundred dollars ($300.00), so, as aforesaid, obtained from him the said F. L. Williams by him the said James H. Fuller, when in truth and in fact he the said James H. Fuller was not the owner of the above described team of black mules, the said team of mares, the said ten cows or the said six two-year old

steers, as he, the said James H. Fuller, then and there well knew; that he the said F. L. Williams, relying on the representations of him, the said James H. Fuller, that he was the owner of the above described property, and believing said representations to be true, was induced to and did loan to him the said James H. Fuller, the said sum of three hundred dollars ($300.00), as aforesaid, and did take the said security on the above described property, as aforesaid, for the payment of said three hundred dollars, which said representations on the part of him, the said James H. Fuller, were then and there made with the intent to cheat, wrong and defraud the said F. L. Williams out of the said sum of three hundred dollars ($300.00), as aforesaid; contrary to the statute in such case made and provided and against the peace and dignity of the territory of Oklahoma."

In the case of *Taylor v. Territory, ante,* p. 1, 99 Pac. 628, it was held that the indictment was fatally defective because it failed to allege that the false pretenses set forth were relied upon by the complainant, or that he was thereby induced to make the loan when so made. This defect is fully cured in the indictment now before us. It is alleged in direct language that the complainant did rely upon the false representations made by the defendant. and, believing said representations to be true, was induced to and did loan to defendant the amount of money stated in the indictment. The indictment alleges every element necessary to constitute the crime under our statute. As stated in the Taylor Case. these elements are:

"First, a false representation as to an existing fact; second, a reliance on that representation as true; third, it must be the moving cause which induced the owner to part with his property."

The indictment is not open to the objections urged against it, and there was no error in the ruling of the trial court.

Second. Defendant contends that venue was not proven in this case. Venue may be proven by circumstantial evidence, and it is not necessary to prove it beyond a reasonable doubt. The complainant testified that he lived and had an abstract and loan office in Guthrie, and that the money was obtained from him about the 18th of September, 1905. Defendant at the time stated to

complainant that the animals were on the farm of defendant, eight or ten miles west of Guthrie. We have repeatedly announced that courts in this state take judicial notice of the boundary lines of counties. The defendant testified that at the time of this transaction he was living in Logan county, west of Guthrie. He admitted getting money from complainant. This evidence is sufficient to sustain the venue of the case.

Third. It is contended that the evidence does not sustain the verdict. The testimony for the territory made a case against the defendant. The testimony for the defense, if true, should have resulted in an acquittal. The witnesses were all before the jury, who were in a much 'better position to settle the question of credibility than this court is. In view of the evidence in the record, we cannot disturb the verdict of the jury upon the ground that it is not supported by the evidence.

The judgment of the lower court is therefore in all things affirmed.

BAKER and DOYLE, JUDGES, concur.