# L. B. GRITTS v. STATE.

No. A-615.    Opinion Filed November 16, 1911.

Rehearing Denied January 22, 1912.

(118 Pac. 673.)

1.    **APPEAL AND ERROR—Objections in Lower Court—Scope and Effect.** (a) Where evidence is admitted without objection, it is too late upon appeal to complain of the introduction of such evidence.

(b) When specific objections are urged to the admission of evidence in the trial court, these specific objections only will be considered upon appeal, and counsel will not then be heard to offer different objections to the testimony than those presented to and passed upon by the trial court.

2.    **SAME—Review—Questions of Fact.** Where there is any evidence in a case from which the jury can legitimately arrive at the conclusion of the defendant's guilt, this court will not grant a new trial upon the ground that the verdict of the jury is contrary to the evidence, unless it appears from the record that the jury was influenced by improper motives in arriving at their verdict.

3.    **EVIDENCE—Weight and Sufficiency—Venue.** Venue may be proven by circumstantial evidence, and it is not necessary that it should be proven beyond a reasonable doubt. Only those allegations in the indictment which involve the guilt of the defendant are required by law to be proven beyond a reasonable doubt.

ON MOTION FOR REHEARING.

4.    **APPEAL—Rehearing—Oral Argument.** While this court is always willing to grant reasonable postponements of a case in order to give counsel for an appellant an opportunity to make oral arguments, yet counsel must exercise some diligence in matters of this sort, and where postponements have been granted and counsel have failed and neglected to be present and make oral arguments, a request to be heard in oral argument on motion for rehearing will not be considered by this court.

(Syllabus by the Court.)

*Appeal from District Court; Adair County; J. H. King, Judge.*

L. B. Gritts was convicted of forgery, and his punishment assessed at confinement in the penitentiary for three years, and he appeals.   Affirmed.

*J. H. Huckleberry,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.   1.   Appellant was on trial in the district court of Adair county charged with the offense of having knowingly, falsely, and feloniously certified as notary public that one Johnson T. French had appeared before him and acknowledged the execution of a deed conveying certain real estate therein described, when, in fact, the said J. T. French did not make said acknowledgment, nor authorize appellant to make said certificate of acknowledgment.   Upon the trial of said cause the county attorney offered in evidence a certified copy of the deed, the acknowledgment to which was charged to have been falsely made by appellant.   The record discloses that the following then occurred:

"Mr. Arnold:   Your honor, we desire to offer in evidence a certified copy of this deed, the original of which is not in the possession of the plaintiff, and its whereabouts is to the state unknown.

"Mr. Cravens:   We will object, as the defendant is charged with the forgery of a deed, and our contention is that the purported copy of the deed is incompetent to show the execution of the original instrument in support of this criminal charge.   We will further object to the introduction of this deed, because the indictment purports to charge this defendant with the forgery of the deed and the statement in the indictment that he falsely certified that one French had appeared before him and made the acknowledgment.   He is not charged with the forgery of the name of French, but that French appeared before him and made the acknowledgment.   The crime charged is the making of a false certificate, and not forgery.

"The Court:   The objections will be overruled.

"Mr. Cravens:   We will except to the ruling."               ,

It is seen from this that appellant presented to the court at the time this evidence was introduced the specific objections upon which he then relied.   In the brief filed in this court appellant's counsel do not attempt to urge any of the objections to the introduction of this testimony presented to the trial court, but rely entirely upon the ground that the certified copy of the deed received in evidence was not admissible until the absence of the original deed had been satisfactorily accounted for.   If this objection had been urged in the lower court, it would have been

good. The objection actually made must be considered in connection with the statement made by the county attorney at the time this evidence was offered, and it amounts to a waiver of proof that the original deed was not in the possession of the state, and could not be produced by the state.

There is no question but that primary evidence of a written instrument is the writing itself, and that secondary evidence cannot be used to prove the contents of a written instrument until the loss of such written instrument has been shown or its absence satisfactorily accounted for. But, when evidence is received without objection during a trial, it is too late to object to the introduction of such evidence on appeal; and, when specific objections are urged to the admission of evidence in the trial court, these specific objections only will be considered upon appeal. If the objection which counsel for appellant now urge against the introduction of this deed had been presented to the trial court, an opportunity would have been given the state to account for the nonintroduction of the original deed, and thereby the commission of error would have been avoided. The fact that counsel for appellant did not urge this objection at the proper time, if not a tacit admission that the objection could and would have been avoided by proof upon the part of the state, at least it estops counsel from raising this question now. We therefore hold that this objection comes too late when urged for the first time on appeal.

2. It is contended in the brief of counsel for appellant that the verdict of the jury is contrary to the evidence. Appellant was tried in the county in which he resided and among people who knew him. It is true that the evidence is entirely circumstantial, but for the statement testified to by one of the witnesses for the state—that he heard the appellant say that he believed he would plead guilty to the charge. It is true that on cross-examination counsel for appellant did ask the witness if appellant did not say this in a laughing way, and if appellant did not state in the same conversation that he was innocent, and did not know anything about the commission of the crime charged against him, to which

the witness assented. This went, however, to the weight of the testimony, and not to its admissibility. We cannot see how an innocent man could treat such a serious matter in a laughing manner. We think that the state's testimony is sufficient to sustain the verdict.

3. The objection is made that the venue was not proven. Venue may be proven by circumstantial evidence, and it is not necessary to prove venue beyond a reasonable doubt. Only those allegations in an indictment or information which involve the guilt of the defendant are required by law to be proven beyond a reasonable doubt. See *Fuller v. Territory,* 2 Okla. Cr. 88, 99 Pac. 1098; *Brunson v. State,* 4 Okla. Cr. 467, 111 Pac. 988. We find in the statement of the testimony a copy of the deed introduced in evidence. The acknowledgment is as follows:

"State of Oklahoma, Adair County—ss.: Before me ————, a notary public in and for said county and state, on this 20th day of August, 1909, personally appeared Johnson T. French. to me well known to be the identical person who executed the within and foregoing instrument and acknowledged that he had executed the same as his free and voluntary act and deed for the uses and purposes therein set forth. Witness my hand and seal, as such notary public on the day last above mentioned. L. B. Gritts, Notary Public. [Seal] My commission expires Apr. 22, 1913."

It was proven that appellant resided and had his office in Stilwell, Adair county. Evidence offered in behalf of the appellant practically admits that the venue was proven by his attempt to prove an alibi to the effect that he was in Tahlequah, Cherokee county, on the 20th day of August, 1909, and therefore could not have taken the acknowledgment to the deed in question on said date in Adair county. We think the circumstances in this case sufficiently show that this offense was committed in Adair county.

The other questions raised on the trial of the case were not urged on appeal, and have therefore been abandoned.

We find no material error in the record, and the judgment of the lower court, therefore, is in all things affirmed. The pun-

ishment of appellant is to begin from the date of his reception in the penitentiary.

ARMSTRONG and DOYLE, JJ., concur.

## ON MOTION FOR REHEARING.

PER CURIAM. The following motion for rehearing has been filed in this court:

"Now comes the plaintiff in error by his attorneys, K. S. Murchison and S. M. Rutherford, and moves the court to grant a rehearing in the above styled cause for the following reasons: First. That the verdict rendered in the trial court was contrary to the law and the evidence, and that in consideration of said cause upon appeal the court's attention was not especially called to this phase of the case. The testimony in said case consisted of circumstantial evidence wholly, the principal phase of which being the certified copy of a record purporting to show a forged deed and that this plaintiff in error, defendant below, forged the same. Upon the effect of this testimony the court's attention not having been especially directed, we feel that the court fell into error in its estimation of this piece of testimony in determining its weight.

"K. S. MURCHISON,
"S. M. RUTHERFORD,
"Attys. for plaintiff in error."

Counsel who now represent appellant are mistaken in stating that the attention of the court was not especially directed to the point on which they now rely. On the contrary, Mr. J. H. Huckleberry, who then represented appellant, filed one of the strongest briefs in behalf of appellant that has been presented to this court, and the case was affirmed, not because the rights of appellant had been neglected by his attorney, but because the court was satisfied that the law was against appellant. This case was set repeatedly on the docket of this court and was continued from term to term and from time to time in order to give counsel for appellant an opportunity to appear and make oral argu-

ments, until finally the court was compelled to submit the case on the briefs alone. This being the case and being fully satisfied that the original opinion is correct, we do not believe that we should hear oral arguments now.

Attorneys and clients must learn that it is no light and laughing matter to be convicted of a felony and to appeal from that conviction to this court. We are always willing to make any reasonable postponements of a cause to enable counsel to appear and make oral arguments, but there must be a limit to these postponements. Counsel must at least exercise some diligence and make some effort to be present to argue their cases. The idea that this court has nothing else to do but to wait on the pleasure of attorneys cannot be entertained. We granted six postponements in this case upon application of counsel for appellant in order that we might hear an oral argument in behalf of appellant. It is too late now to demand the right to be heard by oral argument.

· Upon the trial of this case Mr. Joseph M. Thompson, a reputable witness, entitled to entire confidence and credit, testified in behalf of the state as follows:

"Q. Do you know the defendant, L. B. Gritts? A. Yes, sir. Q. How long have you known him? A. I don't know exactly, a good many years though. Q. Have you, since the 18th day of September, had any conversation with this defendant, relative to the execution of a certain deed of or by Johnson T. French? A. Yes, sir. Q. You may state what that conversation was? A. This happened in front of the First State Bank of Tahlequah; we were speaking about the case in the presence of one Murchison, Lawyer Murchison, of Tahlequah, and Mr. Murchison spoke about the innocence of this party— Mr. Cravens: Q. Which party? Witness: A. L. B. Gritts; and I said well, he might be innocent, but still he was in bad company; we spoke on about the case, and finally Gritts said that he believed he would plead guilty to this charge; that was about all the conversation we had."

If appellant was not guilty why was he voluntarily making such statements as this? It is true that on cross-examination, counsel for appellant attempted to prove that this statement was

made in a laughing manner, but that it was made there can be no doubt; and we cannot understand how any innocent man would laugh about such a serious matter as this. It is time for all men who are disposed to violate the laws of Oklahoma to understand it is not a laughing matter to be charged with crime in the courts of this state. Appellant heard this testimony and while he was on the stand he did not attempt to either deny or explain it. The record shows that one of the attorneys who represents appellant was present and heard appellant make this statement. If, as a matter of fact, appellant did not practically admit his guilt on that occasion, it was the duty of this attorney to take the stand and give his version of the statement which was made. It is too late after a verdict of guilty has been rendered to offer such testimony. There is one thing certain, and that is this, no defendant should be permitted to make a laughing stock of the courts of this state. We have no sort of doubt of this man's guilt. He was tried in the county where he had lived for many years, by a jury who knew him. There is no intimation in the record that he was unfairly treated at the trial. We are not going to presume that the witnesses, the trial judge, the county attorney, and the jury entered into a conspiracy against appellant.

Motion for a rehearing is denied and the mandate will issue without further delay.