## GEORGE WARD v. STATE.

No. A-2576. Opinion Filed January 17, 1916.

(162 Pac. 232.)

1. **VENUE—Proof—Evidence.** The better and safer plan is for the state to prove venue by direct and positive evidence; yet the essential test is whether or not the venue has in some way been proved, and if it has been proved by circumstances or indirect statements which fix the venue the requirements of the law have been met.

2. **APPEAL AND ERROR—Province of Appellate Court.** Where there is evidence that reasonably tends to sustain the verdict, this court will not invade the province of the jury and attempt to weigh conflicting evidence.

*Error from County Court, Pottawatomie County;*
*Hal Johnson, Judge.*

George Ward was convicted of illegally selling intoxicating liquor, and he appeals. Affirmed.

*G. A. Outcelt* and *McLain Taylor,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

BRETT, J. Plaintiff in error in this case was convicted in the county court of Pottawatomie county of the offense of illegally selling alcohol to one R. S. Wright.

He asks a reversal in this court, first, on the ground that the state failed to prove the venue; but we cannot agree with this contention. While the direct question was not asked as to the county and state in which the transaction occurred, yet there are numerous statements which show conclusively that the transaction testified to and of

which the plaintiff in error was convicted occurred in Tecumseh, Okla.; and courts will take judicial knowledge of the boundary lines of counties and the location of county seats. *Fuller v. Territory,* 2 Okla. Cr. 86, 99 Pac. 1098. While it is always a simple matter, and is much the safer plan, for the state to prove venue directly and positively, yet the one essential test is whether or not the venue has in some way been proved, and if it is proved by circumstances or indirect statements which fix the venue, the requirements of the law have been met. *Brunson v. State,* 4 Okla. Cr. 467, 111 Pac. 988; *Gritts v. State,* 6 Okla. Cr. 534, 118 Pac. 673, 120 Pac. 669.

2. The next assignment of error goes to the sufficiency of the evidence. While the plaintiff in error in this case contradicted the testimony of the prosecuting witness, yet we have the positive statement of the prosecuting witness that he purchased the alcohol of the plaintiff in error, besides several corroborating facts and circumstances. And it was clearly the duty of the jury to determine the weight and value to be given this testimony. And it has been repeatedly announced that where there is any evidence reasonably tending to sustain the verdict, this court will not invade the province of the jury and attempt to weigh the evidence.

Upon an examination of the record we fail to find any prejudicial or reversible error. The judgment is therefore affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.