## HERMAN JENTHO et. al. v. STATE.

No. A-3490.    Opinion Filed Feb. 12, 1921.
Rehearing Denied Sept. 12, 1921.
(200 Pac. 251.)

(Syllabus.)

1. **Evidence—Judicial Notice of State and County Lines.** Courts will take judicial notice of the boundary lines of the state and of the counties of the state.

2. **States—South Boundary of Oklahoma.** The south boundary line of the state of Oklahoma is at the south or right bank of Red River.

3. **Evidence—Sufficiency of Proof of Venue.** The venue of a criminal act does not have to be proved beyond a reasonable doubt.

4. **Intoxicating Liquors—Conveyance Along Highway as "Conveyance from Place, to Place."** The conveyance of intoxicating liquor from one point on a public highway to another point on the same highway about 600 feet north of the first point is a conveyance from place to place within the state.

5. **Appeal and Error—Harmless Error—Evidence as to State Boundaries.** For evidence admitted and held not to be prejudicial, see body of opinion.

6. **Indictment and Information—Sufficiency of Amendment by Interlineation with Reverification.** An information in a misdemeanor case amended by interlineation and by leave of court, and properly reverified before the cause is called for trial, is not open to a motion to quash.

Appeal from County Court, Bryan County; Lewis Paullin, Judge.

Herman Jentho and others were convicted of unlawful conveyance of intoxicating liquors, and they appeal. Affirmed.

J. W. Clark and George Trice, for plaintiffs in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

MATSON, J. This action was begun in the county court of Bryan county, Okla., by filing therein separate informations against each of the above-named plaintiffs in error, hereinafter designated defendants, charging each of them with the offense of unlawful conveyance of intoxicating liquor.

On the trial of the cause the three cases by agreement were consolidated and tried as one case; the evidence as to each offense being practically identical.

On September 26, 1918, the consolidated case was tried to a jury, and a verdict of guilty returned as to each defend-

ant. On the 2nd day of October, 1918, the court rendered a judgment of conviction against each defendant, and assessed a punishment of a fine of $500 and 60 days' imprisonment in the county jail in conformity with the respective veraicts. Before the rendition of judgment, each defendant filed a motion for a new trial, which was by the court overruled, and after rendition of judgment an appeal was prayed to this court. An examination of the record discloses that the appeal is properly perfected.

The evidence introduced by the state discloses that these three defendants were traveling, on the night of the 9th of January, 1918, in three separate automobiles loaded with whisky, and came on to the bridge crossing Red river on the Jefferson Highway leading from Texas into Oklahoma near the south boundary of Bryan county, Okla., that the automobiles progressed as far as the gate on the bridge across the river, which gate is but a short distance south of the north bank of Red river and about 600 feet north of the south bank of said river; that defendants Huddart and Murphy were arrested on the bridge at said gate, but that defendant Jentho backed his car off the bridge and escaped into the state of Texas, where he was afterwards arrested and brought back into Oklahoma, and the parties were afterwards placed in the county jail in the city of Durant.

It is first contended that the evidence is insufficient to sustain the verdict of the jury. In support of this assignment of error, it is contended that no proof of the venue of the action was ever made.

The evidence on the part of the state discloses that these parties conveyed, in separate automobiles, large quantities of whisky on a public highway leading from Texas into Oklahoma, from a point on said highway located on the south bank of Red river along said highway and across a bridge on

said highway over Red river to a point on said bridge about 600 feet north of the south bank of Red river, into what is Bryan county, Okla.

Courts will take judicial notice of the boundary lines of the state and of the counties of the state. Reed v. Territory, 1 Okla. Cr. 481, 98 Pac. 583, 129 Am. St. Rep. 861; Johnson v. State, 5 Okla. Cr. 1, 112 Pac. 760; Spencer v. State, 5 Okla. Cr. 7, 113 Pac. 224; 15 R. C. L. p. 1081, § 19.

The south boundary of the state of Oklahoma is at the south bank of Red river. United States v. Texas, 162 U. S. 1, 16 Sup. Ct. 725, 40 L. Ed. 867.

Also it has been held that the venue in a criminal cause does not have to be proved beyond a reasonable doubt. Brunson v. State, 4 Okla. Cr. 467, 111 Pac. 988; Fuller v. State, 2 Okla. Cr. 86, 99 Pac. 1098.

We deem the venue of this action to have been sufficiently established to be in Bryan county, Okla.

It is also contended that the evidence is insufficient because it tends to show that the conveyance was from one place on the bridge to another place on the same bridge, which would constitute no offense; and in support of this assertion the case of De Graff v. State, 2 Okla. Cr. 519, 103 Pac. 538, is relied upon. In that case it is held that to convey intoxicating liquor from one room in a private residence to another room in the same residence is not the conveyance from one place within the state to another place therein, within the meaning of the prohibitory liquor laws.

The conveyance from one point in a private residence to another point therein is entirely different from the conveyance from one point upon a public highway to another point upon the same highway, separated by space and capable of distinct proof as to location. There is no analogy between the facts

in the case of DeGraff v. State and the facts in this case. The official reports of this court are full of convictions sustained where the proof disclosed a conveyance of intoxicating liquor from one point to another point along the same public highway.

It is also contended that the trial court erred in permitting the witness Collins to testify as to what constituted the boundary line between Oklahoma and Texas.

This witness was permitted to testify, over objection and exception, that a signboard had stood on the south bank of Red river for many years marked, ''Texas line and Indian Territory,'' but that this sign had been washed away by a flood about seven years before the trial of the cause. The purpose of this testimony was to locate the south bank of Red River, and to show that defendants had passed a certain distance north of the point where the sign had stood.

We do not consider the admission of this testimony prejudicial to defendants in this case. Independent of the location of this particular signboard, the witness Collins testified that he had lived in that neighborhood all his life; that he was a justice of the peace; and that at the time of the arrest of Huddart and Murphy they were about 600 feet north of the south bank of the Red river. The testimony of Collins is also supported by the testimony of the witness Cordell and the witness Roberts, and the uncontradicted evidence is to the effect that these defendants had proceeded along the highway distances ranging from 300 to 600 feet north of the south bank of Red river.

There being no controversy as to the fact that defendants had proceeded north of the south bank of Red river in conveying this whisky, we see no merit in the assignment that the witness Collins was permitted to testify as to the previous location of a signboard on the south bank of said river.

It is also contended that the trial court erred in overruling the motion to quash the information. In support of this contention it is said:

"When these motions were filed the informations had never been verified by any person who had knowledge of the facts, and after the filing of these motions, and after the same was presented, the court permitted the county attorney, over the objections and exceptions of the defendants, to amend all of the informations by erasing a portion thereof, and writing in other portions. Also the county attorney was permitted to have the informations reverified by a person who claims to be cognizant of the facts. This, in our judgment, constitutes error."

The motion to quash the information was based on two grounds: (1) That the information is not verified as required by law; and (2) the information is insufficient to constitute a cause of action against defendant or to charge any offense against the laws of the state of Oklahoma. The identical motion was presented in each case on the 23d of September, 1918. The minutes of the court show that on said 23d day of September, 1918, permission was granted to the county attorney to amend the informations, whereupon defendants at their request were given one hour in which to file their plea. Defendants then filed a motion to quash and set aside the information, whereupon the county attorney asked and was granted leave by the court to reverify the information, after which the motion to quash was overruled, the defendants excepting. Defendants then refused to plead, whereupon the court entered for each defendant a plea of not guilty. Thereafter, on the 24th day of September, 1918, defendants filed a motion for a continuance, and were granted until 9 o'clock on the 26th day of September, 1918, in which to prepare for trial. Thereafter, on the 26th day of September, 1918, the separate causes were consolidated on motion of defendants and by agree-

ment, and the trial proceeded without further objection on the part of defendants or either of them.

It is clear, therefore, that leave was granted to amend the information prior to the interposing of the motion to quash it; that after the amendment was made the motion to quash was directed againt the form of the verification to the information, and the sufficiency of the charge contained in the information as amended. The information was reverified by permission of the court. This was all done before the cause was called for trial.

In French et al. v. State, 17 Okla. Cr. 542, 190 Pac. 707, among other things, it is held:

"An information amended by interlineation and by leave of court, and properly reverified before the cause is called for trial, is not open to motion to quash."

The facts in this case on the question of the necessity to refile the information after the same had been amended by interlineation are substantially the same as the facts in the case of French et al. v. State, supra. The questions raised in this case on the verification of the information, the necessity of refiling the same, and the alleged error of the court in overruling the motion to quash the information are decided adversely to the contentions of counsel for defendants in the French Case and the authorities cited therein.

No substantial defense was made to this charge in the trial court. The state's evidence fully supports the accusation, the verdict and the judgment.

For reasons stated, the conviction is affirmed.

DOYLE, P. J., and BESSEY, J., concur.