## TOM EDWARDS v. STATE.

No. A-4262.   Opinion Filed Nov. 3, 1923.
(219 Pac. 427.)
(Syllabus.)

Evidence—Circumstantial Evidence of Venue. The venue in a criminal case may be established by circumstantial evidence.

Appeal from County Court, Hughes County; Owen H. Rives, Judge.

Tom Edwards was convicted of the illegal sale of intoxicating liquor, and he appeals. Affirmed.

Anglin & Stevenson, for plaintiff in error.

The Attorney General, for the State.

BESSEY, J. Tom Edwards, plaintiff in error, here designated the defendant, was charged with the illegal sale of intoxicating liquor in Hughes county. At the trial in the county court of said county, on January 17, 1922, the defendant was by a verdict of the jury found guilty as charged, and his punishment assessed at confinement in the county jail for a period of 30 days and a fine of $50. From this verdict he appeals.

The only error that can be seriously urged by the defendant is that the state failed to show that the offense was committed in Hughes county—the question of territorial venue.

It has been decided by this and other courts that it is not necessary in a criminal case to prove venue by direct testimony, but that the venue may be established by circumstantial evidence. It has also been held that the venue need

not be shown beyond a reasonable doubt. Fuller v. Ter., 2 Okla. Cr. 86, 99 Pac. 1098; Ward v. State, 13 Okla. Cr. 81, 162 Pac. 232; Jentho v. State, 19 Okla. Cr. 434, 200 Pac. 251.

The record shows that the trial and conviction were had in Hughes county, in the county court of said county. This court will take judicial notice that the only place of holding the county court in Hughes county is at Holdenville, and that the judge of this court at the time of the alleged offense and at the time of the trial was Owen H. Rives.

The testimony shows that the defendant sold one gallon of Choc beer at the Mecca Cafe, and that this Choc beer was an intoxicating liquor, and that the Mecca Cafe was owned and operated by the defendant; that one of the witnesses was taken, immediately after the sale of this intoxicating liquor, to the office of the county judge, and that the county attorney and the sheriff were present; that this witness has been arrested for the same offense by T. H. Whaley, city marshal, who took the witness to the office of the county judge. It was shown that this was at the time that Owen Allen was drunk "down here at the cafe"; also that some negroes were there (at the cafe) in a drunken condition; that there was also an immediate investigation at the "police court over there."

From all of this we conclude that the offense was committed in Holdenville, in Hughes county; that while it would have been better practice to have proved the venue directly, in our opinion the circumstances shown in proof are sufficient to establish the venue. We do not mean to hold that, as to the defendant, there is a presumption that the offense proved was committed within the county where the case was tried, but only that where it is apparent that the court and the jurors have personal knowledge of the places named by the

different witnesses, tending to show that the offense was committed within the county, and the defendant desires to challenge the venue, he should do so by a request for an instructed verdict because of insufficient proof of venue, and also as a ground for a new trial, in order that the trial court might determine this issue. No objections to the venue were interposed in this case.

The proof of the sale of the liquor was clear cut and positive, and it would amount to a miscarriage of justice to reverse this cause on technical grounds, assuming that the county court had assumed jurisdiction of an offense that occurred beyond the limits of the county.

No other reasons appearing why the cause should be reversed, the judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.