BOB GROH v. STATE.

No. A-4781.    Opinion Filed May 29, 1925.
(236 Pac. 435.)

(Syllabus.)

**Evidence—Venue not Required to be Proven Beyond Reasonable Doubt.**
Only those allegations in an indictment or information which involve the guilt of a defendant are required to be proven beyond a reasonable doubt. The venue of an offense is not within this class of allegations. There must be some proof of venue, but, where facts and circumstances are proven from which reasonable and rational inferences arise that the offense was committed in the county charged, the proof of venue will be sufficient.

Appeal from District Court, Cherokee County; J. H. Jarman, Judge.

Bob Groh was convicted of assault with a dangerous weapon, and appeals. Affirmed.

H. M. Vance, for plaintiff in error.

George F. Short, Atty. Gen., and Charles Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error was charged in the district court of Cherokee county with the crime of assault, with intent to kill, on the person of Joe Frick. The jury found him guilty of assault with a dangerous weapon, and the court assessed the punishment at confinement in the state penitentiary for a term of one year.

The record discloses that Frick, riding a mule, came by the house of plaintiff in error, who resided on land of Frick, and there the plaintiff in error struck him with a rock, "stomped" and otherwise maltreated him. The evidence, however, is conflicting.

Only two assignments are argued: First, that no venue is proven; second, that evidence is insufficient. Disposing of the latter first, the evidence of the state is sufficient. Its weight and credibility was for the jury, and the verdict, where the evidence, if believed, is ample, will not be disturbed. The other contention that the venue is not proven in Cherokee county is more serious. There is no direct testimony in proof of venue. The witness Frick testified that he lived two miles south of Yonkers. There was evidence that the assault was on some part of his place between his residence and Yonkers. Marie Frick, a daughter of Joe Frick, testified that they lived about a mile from Yonkers. This is the only evidence touching the matter of venue. The court will take judicial knowledge of the boundaries of the counties and the location of towns. Harvey v. Ter., 11 Okla. 157, 65 P. 837; Gritts v. State, 6 Okla.

Cr. 534, 118 P. 673, 120 P. 669; Reed v. State, 1 Okla Cr. 481, 98 P. 583, 129 Am. St. Rep. 861; Brunson v. State, 4 Okla. Cr. 467, 111 P. 988.

Those allegations in an indictment or information which involve the guilt of a defendant must be proven beyond a reasonable doubt. Venue is something separate and apart from the offense. It is no part of a crime but a matter affecting jurisdiction. It need not be proven beyond a reasonable doubt. It may be proven by circumstantial evidence. Where there is absolute want of proof on the subject, a case must be reversed, but, where reasonable and rational inferences arising from the evidence show the offense to have been in the particular county charged, it will be sufficient. Fuller v. Ter., 2 Okla. Cr. 86, 99 P. 1098; Hunter v. State, 6 Okla. Cr. 446, 119 P. 445; Litchfield v. State, 8 Okla. Cr. 164, 126 P. 707, 45 L. R. A. (N. S.) 153.

This court takes judicial notice that Grand river is the south boundary line of that portion of Cherokee county, south, southwest, and west of Yonkers, and that the town of Yonkers is about three miles north of Grand river, and that it is about two miles from the town of Yonkers to Grand river on the south and west. The facts and circumstances sufficiently show that by proper inferences the jury could reasonably conclude that the offense was committed in Cherokee county.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.