### TROY COLE v. STATE.

No. A-5244. Opinion Filed June 1, 1926.
(246 Pac. 653.)

A. M. Stewart and Wm. M. Williams, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Houston B. Teehee, Asst. Atty. Gen., for the State.

BESSEY, P. J. Troy Cole, plaintiff in error, herein referred to as the defendant, was charged with statutory rape in the second degree for having sexual intercourse with Jewel Holloss, a female over the age of 16 years and under the age of 18 years, of previous chaste character. By verdict of a jury he was found guilty as charged, with his punishment fixed at confinement in the penitentiary for a term of three years.

It is first urged that the evidence is insufficient to support the verdict. Troy Cole, a young man just 18 years of age, and the prosecutrix, Jewel Holloss, both resided in Greer county; for some time they kept company, and on a number of occasions attended prayer meeting and church together, went buggy riding, and attended social gatherings in the neighborhood. On one occasion they attended a box supper or social at the home of Lon Vosely, about one-half mile over in Jackson county. This party ended at about midnight, and the prosecutrix testified that the act of

intercourse for which this conviction was obtained occurred on the way home, and that other acts of intercourse at other times occurred during a period of several weeks. As a result of some one of these acts the prosecutrix became pregnant, and in due course a child was born, its paternity being charged to the defendant. The prosecutrix testified that she had never had intercourse with any other man.

It would serve no good purpose to analyze this testimony in detail. Expert testimony was given by two physicians, and a number of other witnesses testified. We have carefully examined all of the testimony, and we find and hold that the facts shown were sufficient to support the verdict.

It was next claimed that the venue of the offense was not shown to be in Greer county. A preponderance of the evidence indicates that the act was committed in Greer county. It has been held by this court that the venue of an offense need not be proved beyond a reasonable doubt. Fuller v. Territory, 2 Okla. Cr. 86, 99 P. 1098; Steele v. State, 28 Okla. Cr. 335, 230 P. 760; Groh v. State, 30 Okla. Cr. 396, 236 P. 435. In the light of these authorities the court very properly refused the proffered instruction of the defendant on the question of venue.

The defendant requested several other instructions. One to the effect that if the jury entertained a reasonable doubt that the accused was 18 years of age or over, they should acquit him; another, that if they had a reasonable doubt of the previous chaste character of the prosecutrix they should acquit the defendant; another, that if the proof showed that the act was committed on the 25th day of November (the state having elected to stand upon the time of the act as being the 18th day of November) they should acquit the defendant. All of these the court refused to give.

The court, in his general instructions to the jury, defined the offense charged, pointing out all of its constituent elements, and admonished the jury that the burden was upon the state to establish to their satisfaction beyond a reasonable doubt each and every material ingredient of the offense charged against the defendant. We hold that the instructions given, as a whole, fairly defined each essential ingredient of the offense and were fair to the defendant. Inasmuch as the features embodied in the requested instructions were fairly covered by the instructions given, the defendant's request for the specific instructions referred to amounted to nothing more than a request for emphasis upon particular phases of the case, all of which were sufficiently covered by the instructions given. The trial court therefore committed no error in refusing the proffered instructions. Nowabbi v. State, 31 Okla. Cr. 158, 237 P. 868; Lacy v. State, 30 Okla. Cr. 273, 236 P. 53; Jessie v. State, 28 Okla. Cr. 309, 230 P. 519.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.