## J. H. NEAL v. STATE.

No. A-7221.  Opinion Filed Oct. 18, 1930.
(292 Pac. 571.)

Tom Huser, Ira J. Banta, and J. R. Huggins, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   This is an appeal wherein the plaintiff in error, hereinafter called defendant, was convicted of the crime of manslaughter in the first degree in the

killing of one E. W. Chambless, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of 35 years.

The defendant was convicted largely upon circumstantial evidence. The evidence of the state was that the body of Chambless was found about 30 steps from the highway, about half a mile from the town of Earlsboro, in Pottawatomie county; that the body appeared to have been dragged from the road down into a small canyon; that tracks of a car having a flat tire led from the point on the road where the body appeared to have been unloaded to a garage belonging to one A. M. Mize, about four miles north of Earlsboro, where the car was found out near the garage and having a flat tire; that there was blood in the car and appearances of a struggle; and that this car belonged to the defendant. After defendant was arrested and taken to the place, he admitted that the car was his and explained the blood as having come from his own nose, because some person had struck him in the face with a gun.

After this, defendant admitted to the officers that he had picked some man up on the road and had, after some controversy, taken him to his home in Seminole county; that the man had been drinking, and that while he was fixing some supper for this man, that the man had got a butcher knife and threatened him to make him take him to Shawnee; that he went around the table and succeeded in getting hold of a gun setting in a corner and they scuffled out through the door. That this man got hold of the gun stock and the barrel and stock were separated, and he knocked the man out by hitting him over the head with the gun barrel. The gun barrel and stock were found in the yard at the home of defendant, and the end of the gun barrel appeared to fit some wounds found

on the body of the deceased. Defendant then said that the man wanted him to take him to a doctor, and he took him in his car and drove up to this garage where the car was found, and went to get a check cashed, and when he came back the man was gone and he never saw him any more.

Defendant's brother-in-law testified that he lived about a quarter of a mile from the home of defendant; that defendant came to his home on the night of the homicide and told him that he had a dead man in the car and wanted him to help him get rid of the body; that he heard some one groaning in the car, but did not look in to see who it was; that defendant drove away with the body in his car; that defendant came back to the witness' home the next morning afoot; and that there was blood on his pants and on his socks.

The defendant did not take the witness stand, but evidence was introduced for the purpose of showing that he was insane to such an extent that he could not commit the crime. The defendant contends that the state did not prove venue.

Section 2429, C. O. S. 1921, provides:

"When a public offense is committed, partly in one county and partly in another county, or the acts or effects thereof constituting or requisite to the offense, occur in two or more counties, the jurisdiction is in either county."

The theory of the state was that the defendant killed the deceased at his home in Seminole county and hauled the body to the place where it was found in Pottawatomie county, and there attempted to conceal the same.

This court has held that venue may be proved by circumstantial evidence, and need not be proved beyond a

reasonable doubt. Gritts v. State, 6 Okla. Cr. 534, 118 Pac. 673, 120 Pac. 669; Ward v. State, 13 Okla. Cr. 81, 162 Pac. 232; Nix v. State, 20 Okla. Cr. 374, 202 Pac. 1042, 26 A. L. R. 1053; Cole v. State, 34 Okla. Cr. 366, 246 Pac. 653.

The facts and circumstances as shown by the evidence of the state sufficiently establish the venue in Seminole county.

The defendant next contends that it was reversible error for the state to use the witness Willie Weatherford, for the reason that his name was not indorsed on the list of witnesses served on the defendant. The record discloses that a copy of the information with the name of the witness Willie Weatherford and others indorsed on it was served on the defendant as required by the Constitution. There was a mistrial of the case. At the time the case was again set for trial the state served on the defendant a list of the witnesses to be used, which list did not contain the name of Willie Weatherford.

Where, in a capital case, the state, more than two days before the case is called for trial, serves a copy of the information upon the defendant upon which is indorsed the names of the witnesses to be used in chief against the defendant, the mere fact that there has been a mistrial, or that the case has been continued or set for trial at another date, does not necessitate another service of the names of the witnesses to be used in chief.

The witness Willie Weatherford was a brother-in-law of the defendant. It appears that after the list of witnesses was served on defendant, Willie Weatherford changed his address from Earlsboro to Maud. The objection of the defendant to the testimony of the witness Willie Weatherford was without merit.

The defendant next contends that the court erred in permitting the state to introduce evidence of other criminal acts of defendant. The defendant had introduced a number of witnesses to prove his insanity, and they had testified to numerous acts of the defendant over a period of years upon which they based their opinion that defendant was insane at the time the homicide was committed. The state in rebuttal was permitted by the court to show by officers who had had him in custody that some of the acts testified to were committed while the defendant was intoxicated; that he had an ungovernable temper and frequently gave way to the same; and that while in such condition he had been arrested a number of times charged with crime, and that at such times he appeared to be normal and in the same mental condition he was in at the time he was arrested for the commission of the offense for which he was being tried. Necessarily, the officers could not testify to his mental condition without mentioning the fact of his being in their custody charged with other crimes.

The court instructed the jury that other offenses could not be considered by them for the purpose of determining the guilt or innocence of the defendant in the case at bar, but were merely incidental to the defendant's defense of insanity, and could be considered by the jury only for the purpose of determining whether the defendant had sufficient mental capacity to distinguish right from wrong and to know the consequences of his act at the time the homicide was committed.

The rule is that other crimes cannot be shown unless they tend to show a plan or scheme, or unless they are part of the res gestae, or unless they are necessarily connected with the crime in question or with the defense

thereof, or unless evidence offered by the defendant brings them out. State v. Rule, 11 Okla. Cr. 237, 144 Pac. 807; Miller v. State, 13 Okla. Cr. 176, 163 Pac. 131, L. R. A. 1917D, 383; Wise v. State, 34 Okla. Cr. 284, 246 Pac. 656; Johnson v. State, 35 Okla. Cr. 212, 249 Pac. 971; Reeves v. State, 36 Okla. Cr. 409, 255 Pac. 162; Jackson v. State, 42 Okla. Cr. 86, 274 Pac. 696.

The court did not err in admitting this evidence.

Defendant next contends that the court erred in refusing instructions requested by the defendant, and also that the court erred in some of its instructions given to the jury. When the instructions are considered together in the light of the facts and circumstances proved in the case, they fairly state the law, and are as favorable to the defendant as the facts in the case would warrant.

Other errors are complained of, but they are not sufficient to require discussion nor to require a reversal of the case.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.