## GEORGE FLANNIGAN et al. v. STATE.

No. A-6617.   Feb. 16, 1934.
Rehearing Denied Feb. 27, 1934.
(29 Pac. [2d] 989.)

Hulsey & Hulsey, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiffs in error, hereinafter referred to as defendants, were jointly charged, tried, and convicted of the crime of larceny of domestic fowls. The jury having failed to agree upon the punishment, the court sentenced each of the defendants to serve a term of six months' imprisonment in the state penitentiary.

The evidence of the state was that on the night of April 27, 1932, one Owen McDow had fourteen chickens stolen from his farm; that the loss of the chickens was discovered the next morning, and an examination revealed the tracks of three men that led from the chicken house to the road, and to the chicken house of a neighbor and back to the road, where automobile tracks were found, and these were followed for a distance to the place where the car turned around in the road and went off into a ditch; that at this point there was evidence that the oil pan had scraped up some of the dirt when it backed into the road; that these tracks were followed to the camp where defendants were located, and there an automobile having a casing that made tracks like the one found in the road, and having dirt in the oil pan, was discovered; that there were loose chicken feathers in this car; that the only defendant present at the camp was Joe. Brice; that Flannigan and Berry had taken another automobile and gone to Fort Smith; that they returned from Fort Smith that evening; that officers followed them and passed the automobile where it had stopped near a culvert; that de-

fendant Flannigan went down under the culvert; that the officers had passed the defendants, but returning also went under the culvert and found a gunny sack with a dead hen in it and a couple of other gunny sacks; that this dead hen was identified as one stolen from a neighbor of McDow on the night that McDow lost his chickens; that defendants had in their possession at the camp eighteen or twenty chickens, which they sold at Fort Smith.

Defendants testifying for themselves, admitted possession of the chickens, but claimed they had traded for some of them and purchased others.

When all of the evidence is considered, it is sufficient to support the verdict of the jury.

It is first contended the case should be reversed because the state failed to prove venue.

This court has held that the venue of a criminal action does not have to be proved beyond a reasonable doubt. Gritts v. State, 6 Okla. Cr. 534, 118 Pac. 673, 120 Pac. 669; Jentho v. State, 19 Okla. Cr. 434, 200 Pac. 251; Edwards v. State, 25 Okla. Cr. 167, 219 Pac. 427.

The testimony of Homer Jones, a deputy sheriff, shows conclusively that the point where the automobile camp was located was between the town of Whitefield and the city of Stigler, in Haskell county.

This court will take judicial notice that a point east of Whitefield and west of Stigler, along the highway, is in Haskell county. Fletcher v. State, 34 Okla. Cr. 305, 246 Pac. 485.

Defendants in their testimony located the camp in Haskell county, and the prosecuting witness, McDow, lo-

cated his place as being near the town of Havana, in Haskell county, and about three miles from this camp. This evidence is sufficient to establish the venue.

It is next contended the court erred in permitting the state to show the contemporaneous theft of other chickens stolen in the same neighborhood, on the same night the state alleges McDow's chickens were stolen.

In Cheeves v. State, 18 Okla. Cr. 480, 196 Pac. 726, and in Gourley v. State, 49 Okla. Cr. 24, 292 Pac. 873, this character of evidence was held to be properly admitted.

Finally, it is contended the court erred in permitting the state to read the transcript of the evidence of Rev. J. W. Cole, who died after the preliminary and before the trial of the case.

The state served upon the defendants a copy of the information on November 4, 1932, which showed among other things, that the witness Cole was deceased. The case was not called for trial until February 16, 1933. There is no contention that the witness Cole did not die between the time of the preliminary and the time of the filing of the information in the district court, but it is objected that the mere statement of the county attorney that the witness was deceased and that the document he proposed to read was a transcript of deceased's testimony at the preliminary does not lay a sufficient predicate to entitle the state to introduce the testimony. The county attorney should have offered proof of the death of deceased and that the transcript was a true and correct one of the evidence of the witness.

The mere announcement of the death of a witness and the presentation of the transcript, without proper proof

of death and the taking and contents of the transcript, is insufficient; but since there is no contention but that the witness was actually deceased, nor that he testified in the preliminary, and considering the further fact that the evidence of this witness was cumulative—merely furnishing proof that one more person had had chickens stolen that night—the error is not considered of sufficient importance to require a reversal of the case.

It appearing defendants had a fair and impartial trial and that no reversible error was committed, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.