## CHARLIE HILL v. STATE.

No. A-10366. Feb. 28, 1945.

(156 P. 2d 631.)

Hughes & Hughes, of Hobart, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Charlie Hill, was charged in the county court of Kiowa county with the crime of unlawful possession of intoxicating liquor, **was tried, convicted,** and sentenced to serve 30 days in the county jail and pay a fine of $50 and costs.

The first assignment of error is that the court erred in overruling the motion to suppress evidence. The description in the search warrant is as follows:

"First unpainted house south of Fifth Street and east of the Frisco right of way on Fifth Street and said house being situated on Lot one (1), Block Thirty-one (31) of

Lamb's Railroad Addition to the original city of Hobart, Kiowa County, Oklahoma."

At the hearing on the motion to suppress, counsel for defendant introduced in evidence a journal entry of judgment dated March 31, 1925, wherein a portion of Lamb's Railroad Addition to the city of Hobart, which included lot 1, of block 31, had been vacated by the district court of Kiowa county.

It is the contention of defendant that since the premises described in the search warrant were a part of the land vacated and detached from the city of Hobart, the description set forth in the search warrant described property no longer in existence and was insufficient to authorize a search of defendant's premises.

There is no merit to this contention. There were two descriptions in the search warrant, either of which would have been sufficient to authorize a search of defendant's premises. That part of the description referring to lot 1 of block 31 of Lamb's Railroad Addition as a part of the original city of Hobart is correct. It was a part of the original city although it was later vacated because of non-development. This was just an additional descriptive averment set forth in the warrant to assist in correctly locating the premises to be searched. There is nothing in the description which is erroneous, and it is apparent that the description was sufficient to inform the officers to whom it was directed of the correct location of the property to be searched.

It is next contended that the state failed to prove the venue. It is true that there is no direct testimony that the alleged offense occurred in Kiowa county. Yet, there are numerous statements which show that the defendant lived in the colored section of the city of Hobart. This

court will take judicial knowledge that the city of Hobart is in Kiowa county. In the case of Ward v. State, 13 Okla. Cr. 81, 162 P. 232, it is stated:

"While it is always a simple matter, and is much the safer plan, for the state to prove venue directly and positively, yet the one essential test is whether or not the venue has in some way been proved, and if it is proved by circumstances or indirect statements which fix the venue, the requirements of the law have been met."

In the testimony of Tom Overstreet, who swore that he was a constable of Kiowa county, we find this evidence:

"Q. Now, Tom, as a constable of Kiowa county, do you have occasion from time to time to be down in the colored section of the city of Hobart? A. Yes, sir. Q. You are well-acquainted with the defendant here? A. Yes, sir. Q. And the premises upon which he resides? A. That is right. Q. Had you seen the defendant around the place where you found the liquor that day, before? A. Yes, sir. * * * Q. Where did the defendant live there in colored town? A. First house on the south side of Fifth street just as you cross the railroad track."

In addition to the testimony of the constable, we find the following testimony given by the defendant:

"Q. How long have you lived in and around Hobart? A. Oh, I don't know, sir. Eight or ten years, I guess, off and on."

It has been held that venue does not have to be proved beyond a reasonable doubt, Edwards v. State, 25 Okla. Cr. 167, 219 P. 427; Cole v. State, 34 Okla. Cr. 366, 246 P. 653; Jentho v. State, 19 Okla. Cr. 434, 200 P. 251, and it may be proved by circumstantial evidence. Ward v. State, supra; Edwards v. State, supra; Nix v. State, 20 Okla. Cr. 373, 374, 202 P. 1042, 26 A. L. R. 1053; Fannin v. State, 65 Okla. Cr. 444, 88 P. 2d 671.

There is no error in the record, and it follows that the judgment of the county court of Kiowa county be and the same is hereby affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.