George **MEEKS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–75–299.

Court of Criminal Appeals of Oklahoma.

Sept. 5, 1975.

Rehearing Denied Sept. 23, 1975.

Michael E. Kelly, Muskogee, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Doug Combs, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, George Meeks, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Wagoner County, Case No. CRF–74–39, for the

offense of Rape in the First Degree, in violation of 21 O.S.1971, § 1114. His punishment was fixed at a term of five (5) years in the State penitentiary and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Pearl Blair Hill, the prosecutrix, testified she lived at 801 Van Buren in Wagoner, Oklahoma, with Austin Hill. On August 4, 1974, she was alone at the residence as Mr. Hill was in the Veterans Hospital at Muskogee, Oklahoma. The prosecutrix was acquainted with the defendant due to his frequent visits with Mr. Hill and from having seen him in the neighborhood. Around dusk on the above date she had walked to Leo Grimmett's house to ask him if he would help bring Mr. Hill home the followng day. She found Mr. Grimmett asleep so she walked on around the block and was approaching her home when she saw a shadow across the street. Feeling that someone was watching her she went over to her neighbor, Kedsie Brown, and asked if some of Mrs. Brown's children could walk her home, which they did. After arriving home she began to watch television. She heard her dogs barking and voices. She attempted to call her cousin but the phone was dead and there was someone kicking at the back door. Thereafter, a light which was located in the kitchen went out when the plug was pulled from the socket by someone reaching through the kitchen window. As she was attempting to get the chain off the front door, the back door opened and the defendant ran in. The defendant grabbed her around the neck with a dust cloth which had been hanging on the clothesline in the backyard and dragged her into the bedroom. She further testified that the defendant "entered" her twice and that "it was a very rough affair." During this period of time the defendant was threatening her and slapping her. The acts of sexual intercourse were against her will and she was in actual fear for her life. During the first act of sexual intercourse by the defendant, she noticed a second individual in the house. The defendant had sexual intercourse with her two consecutive times and the second individual then had sexual intercourse with her once. As the second individual, who she could not identify, was having sexual intercourse with her, she was aware of the defendant going through her refrigerator, purse and dresser drawers. The two men left at approximately 11:15 p. m., and her friend, Leo Grimmett, came by and she left to spend the night at his house. The next day she found kick marks on the back door and her phone wires ripped out. The sliding latch on the back door was broken, but she had Leo Grimmett repair the lock so that she could lock the door when she left to pick up Austin Hill at the Veterans Hospital in ·Muskogee. The following Wednesday she went to the police and reported the alleged rape.

On cross-examination the prosecutrix testified that she had burned the rag used by the assailant and a pair of undershorts left by one of the men because she "didn't want that filth in my house." She did not go to the doctor until approximately six days later at which time she was treated for irritation of the vagina and given some tranquilizers.

Kenneth Brunson testified he was employed by the Wagoner Police Department during the month of August, 1974. On August 5, 1974, at approximately 4:25 p. m., the prosecutrix came to his office and reported the incident. The prosecutrix was nervous and crying while giving him the report. She named the defendant, George Meeks, as her assailant.

Raymond Olson testified he was the Wagoner Police Chief and that he knew both the prosecutrix and the defendant. On the evening of August 5, 1974, at approximately 5:30 p. m., Chief Olson examined the house of the prosecutrix and observed the phone wires to have been jerked out of the tie box on the northwest corner of the house. He did not observe any evidence of the bolt having been ripped from the door facing. The State then rested.

The defendant then took the stand and testified in his own behalf. He testified he had been married for 21 years and was presently unemployed. He had known the prosecutrix for approximately two and one-half years. He denied raping the prosecutrix and stated he had gone fishing on August 4, 1974.

On cross-examination the defendant testified he was a good friend of Austin Hill and that he had been fishing on August 4, 1974, until approximately 1:30 that afternoon when he returned to his house. He stated he watched television the rest of that day and night with his wife and son.

Betsy Meeks testified that she was the wife of the defendant and that they had watched television on Sunday, August 4, until approximately 10:30.

George Meeks, Jr., testified that he was the defendant's son and that he was 16 years of age. He related the events of August 4, 1974, substantially as had his father and mother.

The defense then rested.

■ The defendant's first assignment of error asserts: (1) venue was not established by the State at the preliminary hearing. The transcript at the preliminary hearing reveals that the prosecutrix testified that the alleged rape occurred at her residence, located at 801 Van Buren Street in Wagoner, Oklahoma, and the Police Chief of Wagoner, Oklahoma, investigated the alleged crime. In the case of *Hill v. State*, 80 Okl.Cr. 39, 156 P.2d 631 (1945), this Court stated at page 632 of the official opinion:

"It is next contended that the State failed to prove the venue. It is' true that there is no direct testimony that the alleged offense occurred in Kiowa County. Yet, there are numerous statements which show that the defendant lived in the colored section of the city of Hobart. This court will take judicial knowledge that the city of Hobart is in Kiowa County. In the case of *Ward v. State*, 13 Okl.Cr. 81, 162 P. 232, it is stated:

" 'While it is always a simple matter and is much the safer plan, for the state to prove venue directly and positively, yet the one essential test is whether or not the venue has in some way been proved, and if it is proved by circumstances or indirect statements which fix the venue, the requirements of the law have been met.' "

It is therefore our opinion that the State presented sufficient circumstantial evidence at the preliminary hearing to prove venue and we will take judicial notice, as this Court did in *Hill*, supra, that the City of Wagoner is within Wagoner County.

■ (2) The State failed to prove penetration at the preliminary hearing. The transcript of the preliminary hearing reveals the following testimony:

"Q. All right. Now, Mrs. Hill, for the purpose of the record, it's necessary that I ask you, you indicate that during the time the affair was going on—now, would you be more explicit in what took place? Do you refer to sexual intercourse?

"A. Yes, and brutally. Dr. Leonard had to give me medication." (Tr. 11)

And at pages 20 and 21 of the preliminary hearing transcript is the following:

"Q. Mrs. Hill, where in the house were you violated?

"A. You mean sexually?

"Q. Yes.

"A. Drug to the bedroom.

"Q. All sexual activity took place in the bedroom?

"A. In the bedroom, yes.

"Q. And you say while the first person raped you—strike that. When the second person raped you the first person went through your purse and—?

"A. Went through my purse, the refrigerator.

"Q. Where is your bedroom located with respect to the rest of the rooms in your house?

"A. Well, to the north—well, it's just a three (3) room house, and it's kind of in an "L" shape, so the kitchen, then the living room and then the bedroom.

"Q. The bedroom's on the "L" away from the kitchen and the bedroom?

"A. That's right, yes.

"Q. Mrs. Hill, how do you know that the first person who raped you went through your refrigerator?

"A. Because I could hear the refrigerator door slam. It's a small house.

"Q. You mean during a violent episode of rape you could hear the refrigerator?

"A. I certainly could, because I was laying there just prone. I wasn't even moving."

We therefore believe there was sufficient evidence presented by the State to prove penetration.

■ (3) The State failed to prove the prosecutrix was not the wife of the defendants at the preliminary hearing. In tehe case of *Jarrard v. State*, 87 Okl.Cr. 89, 194 P.2d 227 (1948), this Court held in Syllabi three:

"In a prosecution for rape, the fact that the defendant and prosecutrix were not man and wife may be proved by circumstantial evidence. . . ."

And, in the case of *Sutterfield v. State*, Okl.Cr., 489 P.2d 1345 (1971), this Court stated at page 1350 of the official opinion:

" . . . We have previously held that a Preliminary Hearing is not a trial, and does not require sufficient evidence to convict a defendant, but only to show that a crime was committed, and the probability that the defendant may have committed the crime. . . ." (Citations omitted)

We have carefully reviewed the evidence presented at the preliminary hearing and are of the opinion that there was sufficient circumstantial evidence presented for the examining magistrate to find the prosecutrix was not the wife of the defendant.

■ Defendant's second assignment of error asserts that the errors argued in the first assignment of error was also committed at the trial. We do not deem it necessary to reiterate these assignments of error as they were fully answered above and the State's evidence at the trial was virtually the same as that presented at the preliminary hearing. Further, at the trial the defendant took the stand and testified he was not married to the prosecutrix.

■ Defendant's final assignment of error asserts that the verdict is contrary to the evidence and law. Defendant argues that the prosecutrix' testimony was contradicted, inconsistent and improbable and, consequently, his conviction cannot stand as the prosecutrix' testimony was not corroborated. In the case of *Bryant v. State*, Okl.Cr., 478 P.2d 907 (1970), this Court stated at page 909 of the official opinion:

"A careful review of the record does reveal some inconsistencies in the testimony of the prosecutrix. These inconsistencies apply, however, to related events and not to the act of sexual intercourse. This Court has consistently held that a conviction for rape may be had on the uncorroborated testimony of the prosecutrix, or on slight corroboration, where the testimony of the prosecutrix is not inherently improbable or unworthy of credence. *Haga v. State*, Okl.Cr., 422 P.2d 221; *Gaines v. State*, Okl.Cr., 267 P.2d 612, and the many cases cited therein.

"However, this rule has been limited to the effect that we will carefully examine the record in cases of this character, to see that the evidence of the prosecutrix is clear and convincing, and is not inconsistent, incredible, or contradictory. It is the exclusive province of the jury to weigh the evidence and determine the facts, and where the verdict is based on probable testimony, the reviewing court will not interfere with the verdict, though there is a sharp conflict in the evidence. . . ."

We have carefully reviewed the record in the instant case and find some inconsisten-

cies in the testimony of the prosecutrix, however, her testimony regarding the act of sexual intercourse is not inherently improbable or unworthy of credence. Further, we find that her testimony was to some extent corroborated by Officer Olson who testified that during his investigation of the alleged rape he observed that the phone wire on the outside of the prosecutrix' house was pulled out. We therefore find this assignment of error to be without merit.

In conclusion, we observe that the evidence amply supports the verdict of the jury, the record is free of any error which would justify modification or reversal, the punishment imposed was well within the range provided by law, and for these reasons the judgment and sentence appealed from is, accordingly, affirmed.

BLISS, J., concurs.

BRETT, P. J., concurs in results.