Floyd A. GROOMS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–727.

Court of Criminal Appeals of Oklahoma.

Nov. 28, 1983.

Michael D. Lee, Stigler, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

From his conviction in Haskell County District Court, Case No. CRF–82–20, for Larceny of a Domestic Animal, wherein he was sentenced to three (3) years' imprisonment, the appellant, Floyd A. Grooms, appeals.

Evidence at trial showed that on January 26, 1982, the appellant, and two companions, carrying a shotgun, an ax, and plastic trash bags, went onto Charles Ballard's land, shot a cow, and proceeded to partially skin and hindquarter the animal. Before the task was complete, however, Ballard drove up and turned a flashlight on the three trespassers. Leaving the carcass and ax behind, the three men fled across the field.

At trial, one of his companions identified the appellant as the man who shot and butchered the cow. A corroborating witness testified that while he was in jail with the appellant, the appellant admitted shooting the cow.

In his first assignment of error, the appellant asserts that the State failed to sufficiently prove that the offense was committed in Haskell County. This Court has long held that venue may be established by circumstantial evidence. *Meeks v. State,* 540 P.2d 584 (Okl.Cr.1975); *Pierce v. State,* 358 P.2d 647 (Okl.Cr.1961). In reviewing the record, we find that the State presented sufficient circumstantial evidence to prove venue, and therefore, the trial court properly took judicial notice of the fact that if this offense occurred five (5) to ten (10) miles south of Keota, Oklahoma, it occurred within the boundaries of Haskell County.

In his second assignment of error, the appellant contends that the State failed to prove an essential element of Larceny of a Domestic Animal. He argues that there was no asportation of the animal and therefore, no larceny. We find this contention patently frivolous. It is generally held that any removal, however slight, of a thing from the spot where it is found is sufficient asportation if done with the requisite felonious intent by one taking complete control thereof to the exclusion of the owner and without his consent, and even though the transfer of possession is for a very brief period of time. See, *Cunningham v. The District Court of Tulsa County,* 432 P.2d 992 (Okl.Cr.1967); *Sherfield v. State,* 96 Okl.Cr. 223, 252 P.2d 165 (1952).

In this case the appellant trespassed with the intent to deprive the owner of his property, and exercised such dominion and control over the animal without consent that he killed it, causing it to fall to a prone position, and proceeded to prepare the carcass for beef. It is clear from the testimony that the appellant effectuated sufficient movement by shooting and butchering the cow to constitute asportation. The fact that he did not remove the body of the cow is immaterial. This assignment of error is without merit.

For the foregoing reasons the judgment and sentence appealed from is AFFIRMED.

CORNISH and BRETT, JJ., concur.