### BUSTER SAMPLE V. STATE.

No. A-179.   Opinion Filed January 25, 1910.

(106 Pac. 557.)

TRIAL—Separation of Jury. Section 6858, Snyder's Comp. Laws 1909, requires the jury to be kept together, after a case is finally submitted to them, until a verdict is agreed upon.

(Syllabus by the Court.)

*Error from District Court, Atoka County; A. T. West, Judge.*

The plaintiff in error, Buster Sample, was tried in the district court of Atoka county, November term, 1908, on an indictment charging him with rape. He was convicted and sentenced to imprisonment for a term of ten years. The case is before us on appeal. Confession of error filed, and case reversed.

*G. T. Ralls* and *J. G. Ralls,* for plaintiff in error.

*Charles West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty., Gen., for the State.

OWEN, JUDGE.   The record in this case discloses that the jury were permitted to separate after the case had been finally submitted to them, and before a verdict had been agreed upon.   It appears that they were instructed by the court to return to the jury room after supper and consider of their verdict, and, if they were unable to agree after a reasonable time, they might separate for the night and return to the jury room on the following morning for further consideration.   And it appears that they were unable to agree during the night, and did separate and return to the jury room the following morning, after which the verdict was agreed upon and returned into court.   The Attorney General has filed his written confession of error in this case, confessing that under section 6858 of the statute (Snyder's Comp. Laws 1909), and the rule announced in *Bilton v. Territory*, 1 Okla. Cr. 566, 99 Pac. 163, the action of the court in permitting the jury to separate was error

The confession of error is sustained, and case reversed and remanded.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.