## SEARCE CHANCE v. STATE.

No. A-370.        Opinion Filed March 7, 1911.

(113 Pac. 996.)

TRIAL—Separation of Jury. It is reversible error for the trial court to permit a jury to separate after the submission of a felony case to them for determination, under our statutes, especially when the defendant objects to such separation and the state fails to show that he was not prejudiced thereby.

(Syllabus by the Court.)

*Appeal from District Court, Johnston County; A. T. West, Judge.*

Searce Chance was convicted of larceny, and appeals. Reversed and remanded.

*Alexander Gullett* and *J. B. O'Bryan,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE. The appellant was convicted in the district court of Johnston county, in May, 1909, on a charge of larceny and has perfected his appeal in this court.

There are a great many assignments of error urged here; but we deem it necessary to consider only one of them, as the others are such as are not likely to occur again on a retrial of this case.

In assignment No. 16, plaintiff in error urges that he is entitled to a new trial on the ground that the court permitted the jury to separate after the cause had been finally submitted.

The record shows that, after all testimony had been concluded, the court had instructed the jury, and the argument of counsel had been finished, over the objection and exception of the defendant, the court permitted the jury to separate before agreeing upon a verdict. Section 6858, Snyder's Comp. Laws 1909, reads as follows:

"After hearing the charge, the jury may either decide in court, or may retire for deliberation. If they do not agree without retiring, one or more officers must be sworn to keep them together in some private and convenient place, without food or drink, except bread and water, unless otherwise ordered by the court, and not to permit any person to speak to or otherwise communicate with them, nor do so themselves, unless it be by order of the court, or to ask them whether they have agreed upon a verdict, and to return them into court when they have so agreed, or when ordered by the court."

This section of the statute was construed in the case of *Armstrong v. State,* 2 Okla. Cr. 567, 103 Pac. 658, 24 L. R. A. (N. S.) 776, and under the rule announced in that case the judgment of the trial court will have to be reversed. The state never attempted to show that the defendant was not prejudiced by the action of the court. If the trial courts would take care to follow the plain provisions of the law, they would save their counties and this state a great deal of unnecessary expense.

Reversed and remanded.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.