WILLIAM WHITE v. STATE.

No. A-2307. Opinion Filed July 1, 1915.

Appeal from County Court, Ottawa County.

Vern E. Thomas, Judge.

William White, convicted of a misdemeanor, appeals. Reversed.

A. C. Towne, for plaintiff in error.

Chas. West, Atty. Gen. and C. J. Davenport, Asst. Atty. Gen., for the State

PER CURIAM. The plaintiff in error was convicted of the crime of disturbing religious worship. On May 19th, 1914, judgment was entered and he was sentenced to be confined in the county jail for thirty days and to pay a fine of twenty-five dollars, and costs. To reverse this judgment an appeal was taken by filing in this court on July 8th, 1914, a petition in error with case-made.

The following confession of error has been filed:

"The Attorney General would respectfully call the court's attention to the 29th and 30th assignments of error as follows:

"Said court erred in overruling plaintiff in error's motion for a new trial, and particularly in the allowing the jury to separate after the case was submitted to them.

"The said court erred in permitting the jury to separate after the case had been finally submitted to them.

"These assignments of error are based upon that portion of the motion for new trial which reads as follows:

"(28). Misconduct of the court and misconduct of the jury by the court allowing and permitting the jury to separate and the jury separating after the cause was submitted to them without the consent of the defendant as shown by affidavit hereto attached and marked Exhibit B.

"The affidavits and the testimony taken on the hearing of the motion for new trial show that the case was finally submitted to the jury on the evening of February 4th; one of the affidavits reads:

"Deponent further says that before allowing the jury to retire to their jury room the pending trial judge, the Hon. Vern E. Thompson, made the statement that he had been advised that there were several members of the jury as well as the proscuting attorney, Mr. W. D. Morse, that desired to attend the 'Ben Hur' performance being rendered in Joplin, Missouri, that evening, and that if the jury could after due consideration of all questions presented to them, and if all fairness and justice to both the State of Oklahoma and the defendant William White, arrive at their verdict before six o'clock so those who desired to attend the performance could catch the evening train for Joplin, Missouri, he would be glad to receive it, but that he wanted them to consider the case carefully and if they found that they could not·reach a verdict by six o'clock without simply assenting to one verdict or the other so as to have the matter over with and release those jurors who desired to attend the said performance at Joplin, Missouri, that in that event the jury was instructed to return and that the court would then try to make some arrangement satisfactory to all concerned, suggesting that possibly the attorneys for both sides would consent to their being allowed to go·to Joplin, and after further considering the case the following morning, could return their verdict then.

"It further appears that the jury did separate and one of the jurors went to the city of Joplin, Missouri, to witness the performance of 'Ben Hur'. It further appears from another affidavit that the jury deliberated for about an hour when the court called the jury and permitted them to separate until the next morning. The State filed the ·affidavit of every member of the.jury, to this effect:

"That at the time of the adjournment of the court for the night the court admonished the jury not to· talk with others nor allow others to talk about the case in our presence or hearing and that we should not deliberate further on the case until we reconvened. That during the recess no one approached me in any way to discuss or influence my decision in the case. That nothing was said by me to any one about the case nor was anything said about the case in my presence or hearing, neither did I study over the matter myself from the time that I left the jury room until I returned to the jury room the next morning. That nothing happened during the recess to influence me against the defendant and the verdict which I voted to return was based upon the evidence and instructions of the court alone.

The record then shows that the following occurred:

"Whereupon, the defendant asked that the said jurors be subpoenaed that he might cross-examine them to show who they conversed with and where they went and who talked with them and to show that the separation of the jury tended to and did prejudice the substantial rights of the defendant, which request the court denied unless the defendant would deposit all costs of summoning process and serve them and fees and mileage of such jurors, and the officer's fees in serving same, to which the defendant excepted.

In our opinion these facts bring the case within the rule announced in Samples v. State, 3 Okla. Cr. 430, where this court held that section 6858 Comp. Laws 1909, being sec. 5906, Rev. Laws 1910, requires the jury to be kept together, after a case is finally submitted to them, until a verdict is agreed upon, and in the opinion said:

"The record in this case discloses that the jury were permitted to separate after the case had been finally submitted to them, and before a verdict had been agreed upon. It appears that they were instructed by the court to return to the·jury room after supper and consider of their verdict, and, if they were unable to agree after a reasonable time

they might separate for the night and return to the jury room on the following morning for further consideration.

"And it appears that they were unable to agree during the night, and did separate and return to the jury room the following morning, after which the verdict was agreed upon and returned into court. The attorney general has filed his written confession of error in this case, confessing that under section 6858 of the St. (Comp. Laws 1909) and the rules announced in Bilton v. Territory, 1 Okla. Cr. 566, 99 Pac. 163, the action of the court in permitting the jury to separate was error."

The confession of error is sustained, and the case reversed and remanded.