## DAVID NOWABBI v. STATE.

No. A-5151.   Opinion Filed July 3, 1925.
(237 Pac. 868.)

J. H. Gernert, and Warren & Welch, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error will be referred to as defendant, as in the court below.

This is a companion case to Cooper v. State, 31 Okla. Cr. 165, 237 P. 865, just decided. The defendant was jointly charged with Nelson Cooper of murder of Davidson Houston, a severance had, and he was convicted, sentenced to life imprisonment, and duly appeals.

The assignments of error argued in the brief may be summarized as follows:  First, insufficiency of the information and error of the court in refusing to require the state to elect the theory on which it would rely; second, error of the court in permitting the jury to separate before final submission of the case; third, error of the court in admitting in evidence a confession of the defendant; fourth, error of the court in refusing to give certain instructions requested by defendant.  These assignments will be considered in the order named.

Upon the first assignment, which goes to the sufficiency of the information, it appears from the record that the information is in the usual form, jointly charging Nelson Cooper and David Nowabbi with murder.  The defendant argues that this is insufficient, since he is unable to deter-

mine whether defendant shot and killed the deceased, or whether Cooper shot and killed the deceased, aided and abetted by the defendant; that is, it is not shown in whose hand the weapon that caused death was held, and that upon the application made by the defendant at the beginning of the trial the court should have required the state to elect upon which theory it would rely, and apprise the defendant of what he was to meet. We think that section 2574, Comp. St. 1921, renders the contention untenable. This section is:

"The distinction between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, is abrogated, and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, must be prosecuted, tried and punished as principals, and no additional facts need be alleged in any indictment or information against such an accessory than are required in an indictment or information against his principal."

Upon the second assignment, that the court permitted the jury to separate, from the record it appears that during the course of the trial and before the final submission of the case to the jury at intervals there were recesses in which the jury were not held together, but were permitted to separate. Counsel for defendant requested the court to have the jury held together, and suggested that a trial of the codefendant had been had upon the same charge, and that to permit the jury to mingle with the public that they would likely hear the case against the defendant or that of Cooper, his codefendant, discussed. The court denied the request. Upon the return of the jury the counsel for defendant requested the court to interrogate them as to whether they had heard the case discussed, which the court declined to do, and the following took place:

"Mr. Welch: Defendant excepts, and offers proof in support of this motion.

"By the Court: I refuse to let you show it by anybody except members of the jury.

"Mr. Welch: Defendant excepts."

The statute in reference to segregation of the jury during the trial (section 2716, Comp. St. 1921) is as follows:

"The jurors sworn to try an indictment or information, may, at any time before the submission of the cause to the jury, in the discretion of the court, be permitted to separate, or to be kept in charge of proper officers. The officers must be sworn to keep the jurors together until the next meeting of the court, to suffer no person to speak to or communicate with them, nor to do so themselves, on any subject connected with the trial, and to return them into court at the next meeting thereof."

It will be seen from this statute that it is discretionary with the court whether or not the jury shall be held together before the case is finally submitted to it. This statute has been considered by this court in the following cases: Bilton v. Ter., 1 Okla. Cr. 566, 99 P. 163; Sample v. State, 3 Okla. Cr. 432, 106 P. 557; Chance v. State, 5 Okla. Cr. 194, 113 P. 996; Armstrong v. State, 2 Okla. Cr. 567, 103 P. 658, 24 L. R. A. (N. S.) 776; Selstrom v. State, 7 Okla. Cr. 345, 123 P. 557; Burns v. State, 8 Okla. Cr. 554, 129 P. 657; Weatherholt v. State, 9 Okla. Cr. 161, 131 P. 185; Horn v. State, 13 Okla. Cr. 354, 164 P. 683, and numerous others. From these various cases the law is settled that a trial court may abuse its discretion in permitting a separation even before a case is finally submitted to the jury. But, where a separation is permitted prior to the final submission of the case, the burden is on the defendant to show that prejudice resulted. Armstrong v. State, supra; Burns v. State, supra; Horn v. State, supra.

After the case is finally submitted to the jury, if they are permitted to separate, the presumption is that the separation was prejudicial, and in such case a judgment of guilty should be reversed, unless the state shall satisfac-

torily show that the defendant was not prejudiced thereby. Chance v. State, supra; Horn v. State, supra.

In this case we think the trial court manifestly abused its discretion. We fail to see why, at the suggestion and request of counsel for defendant, he should not have had the jury held together in charge of a bailiff.

This court, in the case of Horn v. State, supra, said:

"There is no doubt but that the trial court should exercise sound judicial discretion in a capital case by granting the request of either party to place the jury in charge of a sworn officer during the progress of the trial."

But, while this is an abuse of discretion, it is, we think, not necessarily reversible, in the absence of any showing of prejudice to the defendant. It does not appear that any juror heard the case mentioned or that any person outside the jury box talked or attempted to talk about the case in the presence of any juror. The court ruled correctly in declining to interrogate the jury during the course of the trial as to whether or not they heard the case talked about during any recess and separation of the jury. It is not proper that an investigation should be held with or in the hearing of the jury during the course of the trial or that any showing by or in the hearing of the jury be had. The statement of the trial court that he would permit such showing only by members of the jury should have gone further, and prohibited any showing in the presence or involving the jury at that time. The proper time for such showing was upon the motion for a new trial, where any matter affecting the verdict might have been shown by oral evidence or on affidavit. If upon such proceeding the trial court had declined to permit counsel to introduce evidence in support of his showing of prejudice, an offer of proof could have been made and the record preserved for review. This action of the trial court is assigned as error in the motion for new trial. But it is not said in such mo-

tion that the defendant was prejudiced by the separation of the jury—no affidavits or offer of oral evidence in support of such assignment is tendered. If any showing of misconduct or any act of or in the presence or hearing of any juror such as would likely influence any member of the panel appeared in the record, we would promptly reverse this case. The presumption is that the jury acted in accordance with their oath, and, in case of separation of the jury before final submission, the defendant must show prejudice. He has not done so nor attempted to do so; so under the facts here, the error is not reversible.

Upon the third assignment, which goes to the admission of the confession of the defendant in evidence, what was said in the case of Cooper v. State, companion to this, first mentioned, is applicable here. In the trial of this case, upon offer of the confession in evidence of the state, the defendant objected, and a preliminary hearing on its admissibility had before the court. The defendant gave some testimony on this point. The court then proceeded to question the defendant, and, upon objection, the court ruled that for the purpose of touching the admissibility, and as aiding the court, it was proper to inquire somewhat fully into the confession and in reference to the crime itself. Thereupon the defendant was called from the stand, and the testimony given by him withdrawn and stricken, and it was agreed that the same was not to be considered. This seemed to be agreeable to both the state and the defendant and to the trial court. The voluntary character of the confession and the understanding of the defendant at the time it was made is in large part undisputed, and under the holding announced in the Cooper Case, supra, the confession was admissible.

Finally it is contended that the court erred in failing to give the defendant's requested instruction No. 2, which is to the effect that the jury might consider the age, education, experience, etc., of the defendant in determining whether

his confession was voluntary or not; also error in failing to give requested instruction No. 4, which is to the same effect, touching the ability of the defendant to understand the English language.

The court in its charge No. 6 cautioned the jury that a confession should be carefully scrutinized and received with great caution, and, unless they find that the same was freely and voluntarily made, without any inducement, threat, or intimidation, should be disregarded, which was fully as favorable to the defendant as the law warranted. This instruction covered substantially the matters in defendant's requests Nos. 2 and 4.

Complaint is made of the failure to give requested instruction No. 9. This goes to the duty of a peace officer upon the arrest of a defendant to take him before a justice of the peace. This is a matter, however, with which the trial jury were not concerned, and the defendant was not entitled to have this instruction given. The instructions fairly and impartially covered the issues, and it was not necessary to give instructions emphasizing any particular phase of the case.

Error is also argued on the failure of the court to give requested instruction No. 10 to the effect that, if the jury find that the defendant and Cooper conspired together to rob the deceased Houston, the defendant would not be guilty of murder. There was no sufficient evidence to warrant the giving of such instruction, and its refusal was not error.

Upon an examination of the entire record it appears that, with the exception of the failure of the trial court to hold the jury together on request of the defendant during the course of the trial, there was no error, and that the error on this matter is not reversible.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.