Raymond O'QUINN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-12069.

Criminal Court of Appeals of Oklahoma.

Feb. 9, 1955.

Rehearing Denied March 2, 1955.

Jack Bradley, Hugo, Tom Finney, Idabel, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error Raymond O'Quinn, defendant below, was charged by information in the district court of Pushmataha county, with the crime of murder, committed in said county and state, by premeditated design to effect the death of Elton Akins whom he shot on July 1, 1952, and from the wounds, thus inflicted, Akins died on July 2, 1952. The defendant was tried by a jury, convicted, his punishment fixed at 10 years in the penitentiary, and judgment and sentence entered accordingly. From said judgment and sentence this appeal has been perfected.

The sufficiency of the evidence to support the conviction is not an issue on this appeal, therefore it will not be necessary to detail the same. It is sufficient to state that the record shows the defendant shot and killed the deceased Elton Akins in

a manner sufficient to sustain the jury's verdict. The state's witnesses testified decedent was unarmed. Contrary to the state's case the defendant testified that Akins was armed and fired two shots at him at close range. No eyewitness supported this testimony.

The jury panel was exhausted and only 11 jurors were in the box, with three peremptory challenges remaining to both the state and the defense. A joint request by the state and the defendant to keep the jurors together was made and overruled by the trial court; to which ruling the defendant objected and excepted.

■ The defendant's first contention urges that it was error for the trial court to permit the jury to separate after commencement of and during the time of impaneling the same, and before selection of the jury had been completed. The trial court permitted the jurors to separate and go their respective ways for the night prior to the time when their selection was completed. In support of this contention counsel cites the case of Nowabbi v. State, 31 Okl.Cr. 158, 237 P. 868, and Martin v. State, 92 Okl.Cr. 182, 222 P.2d 534. In both of these cases the jury had been completed and sworn to try the issues in the case. It clearly appeared that the procedure therein invoked was based upon the provisions of Title 22 O.S.1951 § 853, in relation to, "the jurors sworn to try an indictment or information * * *." We know of no statute by which such procedure could be invoked as to a jury the selection of which had not been completed and sworn to try the issues. The invocation of such a rule where all peremptory challenges had not been exhausted, would of necessity have to apply to all prospective jurors, those tentatively in the box and those awaiting call for voir dire examination. We need not elucidate further on this point since Riddle v. State, 92 Okl.Cr. 397, 223 P.2d 379, 380, expressly decided this issue adversely to the defendant's contention:

"There is no statute requiring prospective jurors to be kept together overnight pending the selection of a jury. Where the proof showed that the jury panel had been exhausted before a jury was selected to try defendant, and that the court excused eleven prospective jurors that had been tentatively selected and allowed them to go to their homes overnight over objection of defendant's counsel, there is no presumption that such separation was prejudicial to defendant, and in order for such conduct to constitute reversible error the defendant must affirmatively show that by reason thereof she was denied a fair and impartial trial."

The defendant herein makes no such showing.

■■ The second contention of the defendant is that the trial court abused its discretion in refusing to permit the defendant to reopen and offer additional testimony. The basis for this contention is that the trial court refused to permit the defendant to reopen and introduce into evidence, a shirt which purportedly contained a bullet hole in the sleeve cuff of the shirt it allegedly being the shirt the defendant wore the night the crime was committed, 14 months before the date of trial of the case. The defendant and his wife had been living in California in the interim between the killing and the trial. The wife of the defendant while preparing to wash the shirt the morning of September 3, 1953, 14 months after the crime was committed, allegedly discovered the hole. Counsel for the defendant stated the shirt had been left with the defendant's mother when he left for California. The state objected to this request on the grounds that this crime was committed on July 1, 1952, and there had been three contested proceedings at which the defendant was present (the hearing before the magistrate, the district court, and the Criminal Court of Appeals, wherein the defendant sought bail), and at all of these hearings this proof was of extreme importance to the defendant, and at no time was it suggested or tendered until the case was closed. The defendant's counsel then explained the shirt was placed in the defendant's mother's custody, when the defendant left for Califor-

nia and she had placed the same in a jar, where it has been kept by her. Nothing was offered to show the shirt was in the same condition it was in immediately after the shooting, and the defendant's mother was not available as a witness, she having left Antlers some months before the trial. Hence the necessary predicate to support the offer of the shirt in evidence could not have been laid to support its introduction, without her present as a witness. Under the conditions thus presented we cannot say the trial judge abused his discretion in refusing to reopen the case on the defendant's motion. Such has been the holding of this court in other cases. Hall v. State, 68 Okl.Cr. 451, 99 P.2d 166, wherein it was said:

"It is discretionary with the trial court to reopen the case for the purpose of introducing further evidence after both sides have closed; and unless a clear abuse of such discretion appears, no question is presented for review on appeal." Ballard v. State, 92 Okl.Cr. 420, 223 P.2d 782.

The defendant urges that the instructions as a whole were confusing and placed undue emphasis upon the guilt of the defendant and the burden upon the defendant to prove his innocence. We cannot agree with that statement. In fact we are of the opinion that the instructions of the court presented the theory of both the state and the defendant according to law, without undue emphasis in favor of either. The defendant cites no authority in support of his contention as to any specific instruction, but relies on Richerson v. State, 43 Okl.Cr. 293, 278 P. 356; Stout v. U. S., 10 Cir., 227 F. 799, 142 C.C.A. 323, which states the rule that an instruction should not single out specific facts or group of facts and give undue prominence to them. We do not find that the instructions can be condemned for that reason. We believe the instructions fairly stated the theory of both the state and the defendant. We are of the opinion that the defendant is extremely fortunate to have escaped a more severe penalty. It is probably because he had such able representation. For the foregoing reasons the judgment and sentence is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.