SHADE FLETCHER v. STATE.

No. A-5616. Opinion Filed May 25, 1926.
(246 Pac. 485.)

George L. Zink, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.  On information charging that in Kiowa county, September 9, 1924, Shade Fletcher did have in his possession about 35 gallons of whisky with the intention of violating the provisions of the prohibitory liquor laws, he was convicted, and, in accordance with the verdict of the jury, was sentenced to pay a fine of $300 and be confined in jail for 60 days.

The errors assigned and argued are that the verdict is contrary to law and is contrary to the evidence, and that the court misdirected the jury as to the law applicable to the case.

The sheriff and three other officers testified that under authority of a search warrant they visited the premises occupied by defendant, where they found and seized about 35 gallons of whisky.

Sam Sanderfer, deputy sheriff, testified "the defendant lives 7 miles south and a mile and a half west and then back up in a pasture something between a quarter and a half mile;" that they reached his place about the middle of the afternoon; defendant was not there; that they found empty jars in the house, and out under a straw pile they found whisky in similar jars, and found a 20-gallon keg of whisky buried north of the barn.

T. P. Shaddock, sheriff, testified that the 20-gallon keg was found buried north of the barn and about 28

half-gallon fruit jars full of whisky were found in the straw stack near the barn; that the barn is about 50 steps from defendant's house.

At the close of the evidence for the state, the defendant interposed a demurrer to the same, and asked for a directed verdict, which was overruled, and exception taken.

For the defense, D. P. Parnell testified that he had the lease to the southeast quarter of the section, and Mr. Slader owned the southwest quarter, and he or somebody used the barn which was on the southwest quarter; that the defendant used the barn lot for his mules; that defendant was farming the place for him on crop share; that he knew nothing of the whisky.

Defendant testified that he never knew that the whisky was there; that he did not bury any whisky or conceal it around the place; that he did not have possession of the southwest quarter of the section, and did not use the barn; that the house in which he lived was on the southeast quarter; that he only turned his mules into the barn lot to catch them.

We are satisfied from a careful examination of all the evidence in the case that it was sufficient to warrant the submission of the case to the jury, both as to the possession and the intent.

It is also urged that there was no proof of venue. The courts of this state take judicial notice of the boundaries of the state and of the counties in the state, and also of the geographical location of cities and towns in the state. Here the proof offered shows that defendant's place was 7 miles south and a mile west of the city of Hobart, which point is almost the geographical center of Kiowa county.

Certain of the instructions are complained of. We have examined the instructions with care, and, without

setting them out and in the absence of any request for instructions to be given, we deem it sufficient to say that the instructions fairly covered the law of the case.

Finding no prejudicial error, the judgment appealed from is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.