## LOIS BURTON v. STATE.

No. A-7589. Opinion Filed Jan. 31, 1931.
(295 Pac. 622.)

34

Joe S. Eaton, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the superior court of Okmulgee county of the crime of grand larceny, and her punishment fixed by the jury at imprisonment in the state penitentiary for a period of two years.

Defendant contends, first, that the court erred in overruling her demurrer to the evidence of the state as being insufficient to support the verdict of the jury, for the reason that the state failed to prove the venue.

The evidence given by C. E. Bainbridge, prosecuting witness, upon the subject of venue, is that he lived at 1420 E. Seventh street; that the defendant worked for him as a maid; that certain property was stolen from his home; that his family consisted of his daughter, his uncle and himself; that on the day of the larceny the uncle had gone to Sapulpa, and his daughter was in school "here in Okmulgee"; that ht went home about 5 o'clock, and discovered the loss of the property; that the defendant came to his home to work about 7 o'clock in the morning and left at 11:30 or 12, and came back in the afternoon about 4:30 or 5 o'clock; that the property found in the place where defendant was staying was the property stolen from his home.

On cross-examination, Bainbridge testified that he lived at 1240 East Seventh street; that among the articles stolen was some butter, and that he was not the only one in Okmulgee who had butter; that the goods stolen from him were found at 1112 East Randolph street.

Defendant testified that she lived at 1112 East Randolph street, in the city of Okmulgee; that she had formerly worked for the prosecuting witness; that the officers came to her home and found the property claimed by the prosecuting witness there and in a house across the street.

This court has repeatedly held that venue does not have to be proved beyond a reasonable doubt and that it may be proved by circumstantial evidence. Gritts v. State, 6 Okla. Cr. 534, 118 Pac. 673, 120 Pac. 669; Edwards v. State, 25 Okla. Cr. 167, 219 Pac. 427; Cole v. State, 34 Okla. Cr. 366, 246 Pac. 653; Groh v. State, 30 Okla. Cr. 396, 236 Pac. 435; McColloch v. State, 45 Okla. Cr. 442, 283 Pac. 1026.

The evidence in this case is sufficient to establish the venue.

Defendant next contends that the court erred in admitting certain evidence against the defendant obtained by the officers at 1112 East Randolph street, in Okmulgee, and in the house across the street, without a search warrant.

The evidence of the state was that a part of the stolen goods was found in a house across the street from where the defendant was arrested, and that, when the officers went to the place where defendant was staying, and were admitted to the house by her sister, they arrested the defendant and found other of the stolen goods at that place.

None of the articles seized were introduced in evidence; the complaining witness and the officers testifying to the finding of the goods and identifying them as the property of the prosecuting witness. The objection of the defendant that this evidence was inadmissible is without any merit. Defendant complains of other errors, but they are in substance included in the errors considered in this opinion, and are without substantial merit.

The evidence being sufficient to support the verdict of the jury, and the errors complained of not being fundamental, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.