## BENNIE L. RODGERS v. STATE.

No. A-7755. Opinion Filed March 28, 1931.
(297 Pac. 823.)

 

George W. Partridge (John J. Carney, on the brief), for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Logan county of the crime of burglary in the second degree, and his punishment fixed by the court at imprisonment in the state penitentiary for five years.

The evidence of the state was that the defendant, in company with three girls and two other men, left Oklahoma City on the night of August 27, 1929, and drove to Guthrie, where the other two men broke into and entered the residence of Mrs. Charles Frazier, in said city; that defendant and the three girls and the other two men talked over and planned the burglary and went to Guthrie for the purpose of committing the crime; that defendant owned

and drove the car to Guthrie, taking the three girls and the two men as passengers; that, when they reached the house to be burglarized, the other two men got out of the car and broke into and entered the house; that defendant and the three girls remained in the car and drove the same around the block several times, waiting for the men; that an alarm was given, and the officers came and caught the two men in the house; that the back door had been opened and also a screen on one of the windows; that, after the two men were taken to the police station and had told who accompanied them, the officers went back and arrested the defendant and the three girls who were still driving the car around the block, apparently waiting for the other two men; that defendant first denied that any other persons were with him, but, when taken to the police station and confronted with the other men, who stated he was with them, he admitted that he was a party to the transaction.

The other two men entered pleas of guilty of the burglary, and were sentenced to five years in the state penitentiary. Two of the girls stood trial and were acquitted, and the third one turned state's evidence and was not prosecuted.

Defendant contends, first, that there is a fatal variance between the information and the proof of the state.

Under this assignment, defendant contends that, because the evidence of the state discloses that the defendant was not out of the car and never entered the premises burglarized, and took no part in the actual burglary itself, therefore he could not be guilty of the crime charged under the evidence of the state.

Section 2574, C. O. S. 1921, is as follows:

"The distinction between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, is abrogated, and all persons concerned in the commission of a felony, whether they directly commit the act consituting the offense, or aid and abet in its commission, though not present, must be prosecuted, tried and punished as principals, and no additional facts need be alleged in any indictment or information against such an accessory than are required in an indictment or information against his principal."

No additional facts need be alleged in an information against an accessory than are required against his principal. All who aid and abet in the commission of an offense are principals under section 2574, supra, and the information need not state whether the accused committed the act alone or in conjunction with others confederated with him. Sanditen v. State, 22 Okla. Cr. 14, 208 Pac. 1040; Wertzberger v. State, 25 Okla. Cr. 1, 218 Pac. 721; Dickson v. State, 26 Okla. Cr. 403, 224 Pac. 723; Davis v. State, 44 Okla. Cr. 141, 279 Pac. 976.

Under the authorities above cited, the information was sufficient to charge the offense, and the proof upon the part of the state was not at variance with the allegations of the information, but directly and sufficiently support the same.

Defendant next contends that there is a total failure to prove venue.

Katie Wilson, testifying for the state, said:

"Q. How did you come to Guthrie? A. In a Hupmobile touring car.

"Q. What did you come up here for. A. To burglarize Mrs. Frazier's house.

"Q. Who asked about where the house was after you got to Guthrie? A. Nobody asked about it."

366 ■■■■■■■■■■■■■■■■■■■■■

The defendant, testifying for himself, said:

"Q. Were you in Guthrie the night of the 27th? A. Yes, I was late."

Ben Pickering testified that he was a police officer living at 109½ West Harrison, in the city of Guthrie; that he was called to 523 East Cleveland, the home of Mrs. Frazier, to arrest two men inside of the house burglarizing the same, and that shortly afterward defendant and three women were arrested as they were driving around the block where the house was located.

In Burton v. State, 50 Okla. Cr. 33, 295 Pac. 622, this court held that venue in a criminal case need not be proved beyond a reasonable doubt, and that it may be established by circumstantial evidence.

The evidence of these witnesses, with the facts and circumstances in the case, clearly establish the venue of the crime as being in the city of Guthrie. This court will take judicial notice that the city of Guthrie is the county seat of Logan county and is within the state of Oklahoma.

Defendant complains of other errors, but they are not of sufficient importance to require a discussion in this opinion.

The evidence supports the verdict of the jury, and the errors complained of are without substantial merit. The cause is therefore affirmed.

DAVENPORT, P. J., concurs. EDWARDS, J., absent, not participating.